KONWISER v. RETAIL TOBACCONIST PRINTING & PUBLISHING CO.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

EVIDENCE ⊕383(8)—BOOKS OF ACCOUNT—CONCLUSIVENESS.

    In a salesman's action for commissions, his testimony at the trial from the list taken from the defendant's books would prevail against the testimony of the defendant that there were mistakes in the list, in the absence of evidence in detail as to the mistakes from which the court could draw its own conclusions as to their existence and amount.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 3669, 3670; Dec. Dig. ⊕383(8).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Harry V. Konwiser against the Retail Tobacconist Printing & Publishing Company. From a judgment for the defendant, dismissing the complaint on the merits and assessing costs against plaintiff, the plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Ferris, Dannenberg & Ansbacher, of New York City (Jacob Ansbacher, of New York City, of counsel), for appellant.
William A. Sweetser, of New York City, for respondent.

LEHMAN, J. The plaintiff was employed by the defendant under a written contract whereby the defendant agreed to pay him a commission on all business done by it. The plaintiff testified at the trial, from a list taken from the books of the defendant company, that

he was entitled to commissions of $2,305.08, that he had received the sum of $1,930, and that there is now due him the difference, viz., $375.08. He is, however, for some reason only claiming $104.46. The defendant then testified that he had compared the plaintiff's list with the books, that there were 29 mistakes in the list, and that the plaintiff had overdrawn his account by $34. The trial justice thereupon awarded judgment to the defendant upon the merits.

It seems to me that in the interest of justice we are bound to reverse the judgment. The plaintiff presented testimony which was based upon a list containing exactly the items of business done by the defendant. According to that testimony he is entitled to judgment for a greater amount than he demands. If there are mistakes in that list, the defendant should be required to point them out in detail, so that the court can find that these mistakes not only exist, but are of such magnitude as to wipe out the balance claimed. In the present case the judgment rests, not upon any conclusion of the trial justice based upon legal evidence, but rests only upon the bare conclusion of the defendant himself.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.